IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
|     *Plaintiff*, | ) | Civil Action No: |
| | ) | |
| v. | ) | |
| | ) | Judge |
| William Lee, Governor of the State | ) | |
| of Tennessee, in his official capacity; | ) | |
| | ) | Magistrate Judge |
| And, | ) | |
| | ) | |
| David Rausch, Director of the Tennessee | ) | |
| Bureau of Investigation, in his official | ) | |
| capacity; | ) | |
| | ) | |
|     *Defendants.* | ) | |

## COMPLAINT

1. Plaintiff John Doe[1] brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## **PARTIES**

2. Plaintiff John Doe is an adult resident of Davidson County, Tennessee.

3. Defendant William Lee is the Governor of the State of Tennessee.

---

[1] Plaintiff will be filing a motion to proceed under pseudonym and for protective order shortly after filing this complaint.

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are state officials whose offices are located in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Background

6. Plaintiff is a seventy-three-year-old man.

7. Plaintiff is required under Tennessee law to be registered on Tennessee's Sex Offender Registry (T.C.A. § 40-39-201 et seq.) due solely to a single conviction for Attempted Aggravated Sexual Battery (T.C.A. § 39-13-504) for an offense that occurred in 1993.

8. Solely due to Plaintiff's 1993 offense, Tennessee law deems him "Violent" and subjects him to lifetime[2] registration on the sex offender registry and a host of restrictions, obligations, and punishments.

9. All of Tennessee's laws deeming Plaintiff "Violent" and subjecting him to lifelong restrictions, obligations, and punishments on the sex offender registry were not passed until after Plaintiff committed his qualifying offense.

### B. Tennessee's Sex Offender Registration and Monitoring Regime

10. In 1994, Tennessee passed its first ever sex offender registry law. However, this law required only that offenders register in a private law enforcement database.

---

[2] Because one of the victims of Plaintiff's cases was 11 years old at the time of the offense, Plaintiff is ineligible for removal from SORA under Tennessee's state law provisions. T.C.A. § 40-39-207(g)(2)(C).

11. Tennessee continued expanding the registry laws through the nineties, increasing reporting requirements and, eventually, making sex offender registrations public for those who had committed their offenses after July 1, 1997.

12. Tennessee continued periodically passing laws expanding its sex offender registration and monitoring regime, until in 2004 Tennessee passed sweeping new restrictions on convicted sex offenders hereinafter referred to as "SORA."

13. SORA imposed stringent registration and reporting requirements on statutorily defined "sexual offenders," "violent sexual offenders," and "offenders against children," and severely limited where sex offenders could live, work, and go.

14. SORA applied retroactively to past offenders, imposing its labels, restrictions, obligations, and punishments even where an offender's only qualifying offenses had occurred prior to SORA's enactment.

15. In the years since 2004, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

16. Under present law,[3] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

    a. Quarterly registration with local law enforcement;

    b. Payment of annual registration and monitoring fees;

    c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

    d. When in public, <u>always</u> carry his state-issued identification with him, which must have a sex offender designation on it.

---

[3] T.C.A. § 40-39-201 *et seq*.

17. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

   a. Name
   b. Classification of "VIOLENT"
   c. Status of "ACTIVE"
   d. Date of birth
   e. Full criminal history
   f. Residential address
   g. Race and gender
   h. Last date of information verification
   i. Most recent photograph submitted to TBI
   j. Driver's license and/or state identification number
   k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks
   l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants
   m. Address of Plaintiff's employer(s)
   n. License plate number and description of Plaintiff's vehicle(s)

18. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

   a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

b. Residing within 1000' feet of the victims from Plaintiff's criminal case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

   c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

      i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

      ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

      iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

   d. Residing with two or more other convicted sex offenders;

   e. Being alone with a minor in a "private area."

   f. Residing with, or having an overnight visit in, a place in which a minor is present.

19. SORA authorizes the following additional optional punishments against Plaintiff:

   a. Public libraries may ban Plaintiff from their premises;

5

  b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

  c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system.

### C. <u>Specific Impacts of SORA on Plaintiff</u>

20. SORA's impositions, detailed at ¶¶ 16 – 19, have substantially interfered with Plaintiff's career, family, reputation, and overall enjoyment of life and will continue to substantially interfere so long as Plaintiff is subject to them.

21. Under current law, Plaintiff will continue to be subjected to these SORA impositions for the rest of his life.

22. SORA requires Plaintiff to report quarterly, and each time he reports he must sign his acknowledgment of the SORA rules. The rules are complex, and each time he reports it seems like there are new rules in place. Consequently, Plaintiff routinely feels anxiety that he could be arrested because of a rule change that he is not even aware of.

23. Plaintiff is married, and his registry status, restrictions, and obligations heavily impact his wife. Plaintiff and his wife jointly suffer the indignity of Plaintiff being permanently branded "Violent" and prohibited from attending normal public events and participating in normal family activities. Plaintiff's wife is retired from a career working for local government in their community, and still knows many public officials and is still invited to social gatherings involving other local government officials and employees. When these events occur Plaintiff is faced with a "lose-lose" choice of either not attending, which would be embarrassing for his wife, or attending, with the risk that his registry status could be revealed.

24. Plaintiff has an adult who himself has two sons, aged 8 and 12 years old. Plaintiff's son's family lives in Tennessee, and Plaintiff and his wife frequently visit them. Plaintiff spends as much time with his grandsons as he can; however, SORA severely limits what he can do for and with them. Plaintiff's grandsons are both in multiple sports, with games year-round. However, due to SORA Plaintiff cannot attend his grandson's sports games. Plaintiff would like to be able to take his grandsons to the park and do other normal things that grandfathers do – however, due to SORA he cannot. Plaintiff would like to be able to be with his grandsons without a chaperone, but due to SORA he cannot. Worse, because Plaintiff does not want his grandsons to know about his offense and SORA status, he cannot even explain why he cannot do more things for and with them.

25. Plaintiff and his wife are restricted due to SORA from decorating the outside of their house for holidays oriented toward children, such as Halloween.

26. Plaintiff and his wife enjoy international travel. However, due to SORA and the "International Megan's Law,"[4] Plaintiff has to have a passport marking him as a sex offender. Plaintiff has been subjected to very invasive searches by U.S. customs upon his return from international travel.

27. Plaintiff has to have an "88" code on his driver's license due to SORA. This gives Plaintiff constant anxiety about what would happen if he were pulled over on even a routine traffic stop.

28. SORA makes Plaintiff extremely anxious even in public places that he is not prohibited from. For instance, at Walmart Plaintiff is afraid that because of SORA he will get in

---

[4] 22 U.S.C. §212b (including in the definition of "covered sex offender" that one be presently required to register in any jurisdiction).

trouble for using the restroom. Plaintiff has almost peed his pants at times due to fear of using the restroom.

29. Plaintiff resides in Davidson County, Tennessee, an urban community with a large number of schools, daycares, parks, and other prohibited zones. Because of SORA, Plaintiff must be very careful about where he goes in his community.

30. Plaintiff has resided in the same home for decades. Although SORA does not prevent Plaintiff from maintaining his same home, it does make it difficult for him to even consider changing residences. Plaintiff may well have moved at some point if he had not been restrained by SORA's numerous restrictions on where he can live.

31. SORA severely restricts Plaintiff's recreational activities. Plaintiff would like to be able to do normal things such as going to a public park, but cannot.

32. In addition to these ongoing impacts, Plaintiff has dealt with a host of other indignities and restrictions over the years due to SORA. Plaintiff missed many of the critical events in his son's life when he was growing up, such as athletic games and graduations. Plaintiff has also missed other family events, such as funerals. Although nothing can be done about these past events now, Plaintiff hopes to salvage his remaining years for himself and his family.

# CLAIMS FOR RELIEF

### COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION
### (42 U.S.C § 1983)

### (ALL DEFENDANTS)

33. Plaintiff hereby reincorporates paragraphs 1 – 32 by reference.

34. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

35. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

36. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

# REQUEST FOR RELIEF

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA regime against Plaintiff solely on the basis of his pre-SORA convictions.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to retroactively impose its SORA regime on Plaintiff solely on the basis of his pre-SORA convictions.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his pre-SORA convictions.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com